2026 IL App (1st) 252309-U

No. 1-25-2309

Order filed August 7, 2026

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| STEFANNIE DYSON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 25 L 12475 |
| | ) | |
| JUDGE ROBERT BALANOFF, | ) | Honorable |
| | ) | Toya Harvey, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE PUCINSKI delivered the judgment of the court.
Presiding Justice C.A. Walker and Justice Hyman concurred in the judgment.

**ORDER**

¶ 1   *Held*:  We dismiss plaintiff's appeal for lack of jurisdiction where the record does not establish that a timely postjudgment motion has been disposed of in the circuit court.

¶ 2   Plaintiff Stefannie Dyson appeals *pro se* from the circuit court's order striking her "Verified Petition for Writ of Mandamus" as duplicative of another matter. Because the record does not establish that a timely postjudgment motion has been disposed of in the circuit court, we dismiss the appeal for lack of jurisdiction.

¶ 3     The record on appeal comprises only the common law record. We relate only those facts necessary to resolve the issue on appeal.

¶ 4     On October 8, 2025, plaintiff filed a *pro se* complaint against Judge Robert Balanoff and Mariyana Spyropoulos, attaching a "Verified Petition for Writ of Mandamus." In the petition, plaintiff claimed that she was "unlawfully incarcerated" for over three years on "false" child abduction charges and that the circuit court's unwillingness to docket various motions prolonged her detention. She requested a writ of *mandamus* directing the "Clerk of the Circuit Court (Juvenile Division) and the Chief Judge of the Juvenile Division" to set a hearing on her "motions to vacate fraudulent disposition orders" in two separate cases. On that same date, plaintiff also filed an application for waiver of court fees.

¶ 5     On October 10, 2025, the circuit court entered a "Strike/Dismissal Order." The order stated that "this cause coming before the Court on the Plaintiff['s] Motion for *** Waiver of Fees, *** the Court having reviewed the Plaintiff['s] complaint *** ORDERS" this case be "stricken because it is duplicative of case # 2025 L 012191."

¶ 6     That same day, plaintiff filed an "Objection and Motion to Vacate Improper Dismissal of Writ of Mandamus," requesting that the court vacate the October 10, 2025, order, reinstate her case, and rule on her fee-waiver application. Plaintiff maintained that the dismissal order was void for "lack of jurisdiction and denial of due process" because her fee-waiver application remained unaddressed. She requested a hearing. The record on appeal lacks any indication that the circuit court ruled on the motion.

¶ 7    On October 22, 2025, plaintiff filed a notice of appeal from the October 10, 2025, order dismissing her case.[1]

¶ 8    On March 27, 2026, we entered an order taking this case for consideration on the record and plaintiff's *pro se* brief only. See *First Capital Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) ("if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief, the court of review should decide the merits of the appeal").

¶ 9    On appeal, plaintiff alleges that the circuit court lacked jurisdiction to dismiss the *mandamus* petition prior to ruling on the fee-waiver application and that the dismissal was erroneous.

¶ 10    A "reviewing court has an independent duty to consider issues of jurisdiction." *People v. Smith*, 228 Ill. 2d 95, 104 (2008). An appellate court's jurisdiction is generally limited to appeals from final judgments. *EMC Mortgage Corp. v. Kemp*, 2012 IL 113419, ¶ 9.

¶ 11    Under Illinois Supreme Court Rule 303, a notice of appeal must generally be filed within 30 days after the entry of the final judgment from which the appeal is taken. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). However, "[w]hen a timely postjudgment motion has been filed by any party *** a notice of appeal filed before the entry of the order disposing of the last pending postjudgment motion *** becomes effective when the order disposing of said motion or claim is entered." Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017). As such, "when there has been no disposition of a timely [postjudgment] motion directed against the judgment, a notice of appeal does not vest the appellate

---

[1] It is unclear whether the notice of appeal filed in the trial court on October 22, 2025, was transmitted to this court. Another notice of appeal from the same order was timely filed in the trial court on November 10, 2025, and subsequently transmitted to this court.

court with jurisdiction." *People v. Willoughby*, 362 Ill. App. 3d 480, 482 (2005). Moreover, while a party may abandon a postjudgment motion, "there must be a more affirmative indication of abandonment than the mere filing of a notice of appeal before the disposition of the [postjudgment] motion." *Id*. at 483.

¶ 12    In this case, the court dismissed plaintiff's case on October 10, 2025, as duplicative of another matter. On that same date, plaintiff filed a timely postjudgment motion to vacate the dismissal. While that postjudgment motion was pending, plaintiff filed a notice of appeal on October 22, 2025.

¶ 13    The notice of appeal, filed while the postjudgment motion was pending, would become effective when the court disposed of the motion. See Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017). However, the record on appeal does not reflect that the circuit court disposed of the postjudgment motion or that plaintiff intended to abandon the motion. Consequently, we cannot determine that we have jurisdiction. See *McCorry v. Gooneratne*, 332 Ill. App. 3d 935, 941 (2002) (this court "cannot presume that [it has] authority to decide an appeal on the basis of a record insufficient to show [its] jurisdiction"). As such, plaintiff's appeal is premature, and this court lacks jurisdiction to address the merits. See *Willoughby*, 362 Ill. App. 3d 480 (2005) (appeal dismissed for lack of jurisdiction where the appeal was premature due to a pending posttrial motion).

¶ 14    For the foregoing reasons, we dismiss plaintiff's appeal.

¶ 15    Appeal dismissed.